1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
REVEREND ROBERT W. SCHLICHT,  )
                              )   No. CIV 03-1606 PHX RCB
     Plaintiff,               )
                              )       O R D E R
          vs.                 )
                              )
UNITED STATES of AMERICA,     )
                              )
     Defendant.               )
_____)
```

    This matter arises out of a tax refund suit filed by Plaintiff on August 19, 2003.  Compl. (doc. # 1).  On October 21, 2003, the United States filed its answer and a counterclaim seeking to collect the balance of penalties previously assessed against Plaintiff pursuant to 26 U.S.C. § 6672.  Answer (doc. # 8).  The parties filed cross-motions for summary judgment (doc. ## 63, 67), and on July 6, 2005, the Court issued an order (doc. # 81) denying Plaintiff's motion (doc. # 67) and granting the Government's motion (doc. # 63).  Judgment was entered accordingly on August 17, 2005.  Judgment (doc. # 82).  Plaintiff now seeks reconsideration of the Court's July 6 order.  Mot. (doc. # 84).  Having carefully

considered the arguments raised, the Court now rules.

**I.    MOTION FOR RECONSIDERATION**

The decision to grant or deny a motion for reconsideration is left to the sound discretion of the trial court.  See Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions are disfavored and, absent exceptional circumstances, are generally only appropriate "if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law."  Id.

In his motion for reconsideration, Plaintiff does not maintain that there has been an intervening change in controlling law.  Nor does he argue that the Court committed clear error in its resolution of the cross-motions based on the evidence presented at that time.  Rather, as the sole basis for reconsideration, Plaintiff contends that certain deposition testimony creates a genuine issue of material fact as to the "willfulness" of his conduct such as would preclude summary judgment on the Government's counterclaim.[1]  Mot. (doc. # 84) at 2-6.  Therefore, to prevail, Plaintiff must establish first that the proffered testimony is indeed "newly discovered evidence" under Federal Rule of Civil Procedure 60(b)(2); second, that he exercised due diligence to obtain the testimony; and third, that the testimony is of such a

---

[1] The Government's counterclaim sought to collect the remainder of a penalty assessed against Plaintiff as a person responsible for the collection, truthful accounting, and paying over of employee trust fund taxes who "willfully attempt[ed] in any manner to evade or defeat" payment of the taxes.  26 U.S.C. § 6672; Answer (doc. # 8).

magnitude that it would have changed the Court's ruling on the parties' cross-motions. See Coastal Transfer Co. v. Toyota Motor Sales, Inc., 833 F.2d 208, 211 (9th Cir. 1987). Because Plaintiff fails to clear either of the first two hurdles, it is unnecessary for the Court to reach the third prong by reexamining the summary judgment motions with the aid of Plaintiff's belatedly offered evidence.

**A. Newly Discovered Evidence**

Plaintiff's argument fails from the start, because the proffered testimony is not "newly discovered evidence." Under the Federal Rules, evidence is not "newly discovered" if it was in the moving party's possession before the judgment was rendered. Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (citing Coastal Transfer Co., 833 F.2d at 212); accord 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2859 (West 1995) (". . . [I]f [evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief."). Plaintiff apparently believes that his own deposition testimony, as well as that of IRS Revenue Officer Larry Inman, constitutes newly discovered evidence because it was not obtained until after the parties' summary judgment motions had been filed and fully briefed. Id. at 3; see also Am. Notice of Dep. (doc. # 80); Second Notice of Dep. (doc. # 78). Yet Plaintiff was in possession of this evidence for over two months[2] prior to the Court's ruling. The Ninth

---

[2] Inman's deposition was apparently concluded on April 21, 2005, more than two months prior to the Court's ruling on July 6, 2005. Am. Notice of Dep. (doc. # 80); Order (doc. # 81).

-3-

Circuit has held that a party possessing evidence for as little as eight days prior to a court's summary judgment ruling could not invoke Rule 60(b)(2). See Feature Realty, Inc., 331 F.3d at 1093 (affirming district court's denial of Rule 60(b)(2) motion); see also Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433-34 (1st Cir. 2005) (affirming district court's denial of Rule 60(b)(2) motion where movant had obtained deposition testimony two weeks prior to summary judgment and failed to exercise due diligence to bring evidence to district court's attention). Similarly, Plaintiff cannot now seek refuge in Rule 60(b)(2) for his own failure to present his evidence when it mattered most.

Moreover, the fact that the parties' summary judgment motions were fully briefed by the time the depositions were taken does not render the resulting testimony "newly discovered" for purposes of Rule 60(b)(2). It is the litigants' responsibility to introduce evidence for the court's consideration on summary judgment, whether in original or supplemental filings. See, e.g., Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala 2002) (denying Rule 60(b)(2) motion because movant never requested leave to supplement its response to summary judgment motion with new evidence while the motion was under consideration); Wagner v. Toys "R" Us, Inc., 114 F.R.D. 18, 19 (E.D. Mich. 1986) (same). Post-judgment relief under Rule 60(b) is a powerful and exceptional remedy to be exercised in the discretion of the trial court. It was not intended to reward the lackadaisical or unscrupulous litigant who fails to make a timely offer of evidence. Otherwise, Rule 60(b) would be relegated to a tool of litigation gamesmanship by which parties could withhold evidence from the courts,

emboldened with the knowledge that they would have a second bite at the apple on account of their "newly <u>disclosed</u> evidence."

Plaintiff had access to the deposition testimony for over two months while the summary judgment motions were under consideration. He made no effort during that time to bring the evidence to the Court's attention. Furthermore, Plaintiff offers no explanation for his failure to supplement his response or to request an extension of time to submit additional evidence. <u>See</u> Fed. R. Civ. P. 56(f); Resp. (doc. # 72); Mot. (doc. # 84). Therefore, the proffered deposition testimony cannot be accepted as "newly discovered evidence," and Plaintiff's request for relief pursuant to Rule 60(b)(2) must be denied.

**B. Due Diligence**

The fact that the testimony is not "newly discovered evidence" under the Federal Rules is enough to end the inquiry. However, this requirement is closely related to the second requirement of due diligence, <u>see</u> <u>Gonzalez-Pina</u>, 407 F.3d at 433, and in the case at hand, Plaintiff's lack of due diligence in obtaining the deposition testimony poses an additional bar to the relief sought.

The Ninth Circuit spoke to the due diligence requirement in <u>Coastal Transfer Co.</u>, a case cited by Plaintiff in his motion. In that case the Ninth Circuit rebuked a Rule 60(b)(2) movant for its failure to exercise due diligence in discovering the inaccuracy of its own expert's testimony, because other evidence the movant possessed prior to the district court's ruling could have revealed the inaccuracy. <u>Coastal Transfer Co.</u>, 833 F.2d at 212. In other words, due diligence assumes at least some level of deductive reasoning in an active effort to discover evidence based on the

1  knowledge and information already possessed by the litigants.

2  In the case at hand, Plaintiff's assertion that he exercised
3  due diligence in obtaining the testimony now offered is dubious to
4  say the least.  First, his willingness to characterize his own
5  testimony as "newly discovered evidence" is simply astounding.  It
6  usually defies all reasonable explanation why a party could not
7  produce his own testimony at any time in the proceeding.  Second,
8  as to the testimony of IRS Officer Inman, the fact that Plaintiff
9  did not commence the deposition until nearly one month after the
10 discovery deadline had passed likewise belies his claim of due
11 diligence.[3]  See Order (doc. # 75) at 13 (extending the discovery
12 deadline to March 28, 2005); Am. Notice of Dep. (doc. # 80).

13 Because Plaintiff has not met his burden under the first and
14 second requirements of Coastal Transfer Co., there can be no relief
15 under Rule 60(b)(2).  No other bases for relief from the Court's
16 judgment are argued or present.  Therefore,

17 IT IS ORDERED that Plaintiff's Motion for Reconsideration
18 (doc. # 84) is DENIED.

19 DATED this 30th day of January, 2006.

_____
Robert C. Broomfield
Senior United States District Judge

---

[3] Plaintiff's lack of due diligence in obtaining Inman's testimony is particularly troubling in light of the fact that it was upon Plaintiff's request that the Court extended the discovery deadline which Plaintiff ignored.  See Mot. (doc. # 40); Order (doc. # 75).  Indeed, Plaintiff's unilateral disregard for the pretrial order is reason enough to exclude Inman's testimony.  See Fed. R. Civ. P. 16(f); cf. Cato v. Fresno City, 220 F.3d 1073, 1074-75 (9th Cir. 2000) (affirming Rule 16(f) sanction in the amount of $7,500 against attorney who violated district court's pretrial order).

Copies to counsel of record

- 7 -